UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-10117-MWF (MRWx) | Date: | March 26, 2024 |
| Title: | Kanisha Mitchell, et al. v. NY and Co Ecomm LLC, et al. | | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING DEFENDANTS' MOTION TO DISMISS [18]

Before the Court is Defendants NY and Co Ecomm LLC ("NY&Co"), NY and Co IP LLC ("NY&Co IP"), and Saadia Group LLC ("Saadia Group") (collectively, "Defendants") Motion to Dismiss, filed on February 16, 2024. (Docket No. 21). Plaintiffs Kanisha Mitchell and Kim Moseley filed an Opposition on March 8, 2024. (Docket No. 23). Defendants filed a Reply on March 18, 2024. (Docket No. 24).

The Motion was noticed to be heard on **April 1, 2024**. The Court has read and considered the papers on the Motion and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing is therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the Motion is **DENIED** as to each of Defendants' arguments regarding subject-matter jurisdiction, Article III standing, the statute of limitations, and failure to state a claim.

## I.    BACKGROUND

Plaintiffs initiated this putative class action on December 1, 2023, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), alleging that Defendants engaged in a deceptive pricing scheme. (Docket No. 1). Plaintiffs subsequently filed their First Amended Complaint ("FAC") as a matter of right. (Docket No. 18). The Court summarizes the allegations in the FAC as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 23-10117-MWF (MRWx)                **Date:**  March 26, 2024
**Title:**       Kanisha Mitchell, et al. v. NY and Co Ecomm LLC, et al.

NY&Co is an online retailer that sells women's clothing and accessories through its website, www.nyandcompany.com.  (FAC ¶¶ 10, 22).  NY&Co is owned by NY&Co IP, a subsidiary of Saadia Group.  (*Id.* ¶¶ 11–12).

Nearly all the products on Defendants' website are shown as being discounted from substantially higher "reference" prices.  (*Id.* ¶ 26).  The following screenshot provides an example of these discounts in which the "reference" price is crossed out and replaced by a discounted price in red:

  

On May 30, 2021, Plaintiff Mosley visited Defendants' website and saw that several products were being marketed as being "50% off" the reference price.  (*Id.* ¶¶ 37–38).  Believing that the reference price was the price at which the products were regularly offered on the website in the recent past, Plaintiff Mosley purchased three items.  (*Id.* ¶¶ 37–39).  Similarly, on November 25, 2022, Plaintiff Mitchell purchased an item from Defendants' website marketed as being "80% off" the reference price.  (*Id.* ¶¶ 44–45).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 23-10117-MWF (MRWx) | Date: March 26, 2024 |
| Title: Kanisha Mitchell, et al. v. NY and Co Ecomm LLC, et al. | |

Plaintiffs later learned that these reference prices were false and that Defendants never sold the products at the higher reference price. (*Id.* ¶¶ 27, 38). Rather, the sole purpose of the reference price was to falsely convey to customers, like Plaintiffs, that they were receiving a substantial discount. (*Id.* ¶ 27). This alleged falsity is further illustrated by the fact that the "discounts" were applied to "New Arrival" products, even though they could not have been listed at the reference price for any substantial period of time. (*Id.* ¶ 29). According to Plaintiffs, Defendants have engaged in this pricing scheme since 2019. (*Id.* ¶ 32).

Based on the foregoing allegations, the FAC asserts five claims for relief: (1) violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code section 17200, *et seq.*; (2) violation of California's False Advertising Law ("FAL"), California Business & Professions Code section 17500, *et seq.*; (3) violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code section 1750, *et seq.*; (4) fraud; and (5) unjust enrichment. (*Id.* ¶¶ 80–142).

Defendants now seek to dismiss Plaintiffs' claims under Rules 12(b)(1) and 12(b)(6).

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

"Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court." *Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 871 (S.D. Cal. 2019) (citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)).

A jurisdictional attack under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the complaint's allegations must be accepted as true. *Id.* "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-10117-MWF (MRWx)          **Date:** March 26, 2024
**Title:**     Kanisha Mitchell, et al. v. NY and Co Ecomm LLC, et al.

district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* "The court need not presume the truthfulness of the plaintiff's allegations under a factual attack." *Brooke v. Superb Hosp., LLC*, No. 1:20-CV-0103 AWI SAB, 2021 WL 1173208, at *4 (E.D. Cal. Mar. 29, 2021) (citing *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011)).

       **B.**      **Rule 12(b)(6)**

     In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny. "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (citation omitted).

     The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-10117-MWF (MRWx)          **Date:** March 26, 2024
**Title:**     Kanisha Mitchell, et al. v. NY and Co Ecomm LLC, et al.

## III. DISCUSSION

### A. Request for Judicial Notice

In support of their Motion, Defendants seek judicial notice of the following documents: (1) a screenshot of the "most expensive article of clothing sold" on Defendants' website; (2) the current Terms & Conditions for Defendants' website; (3) the Terms & Conditions for Defendants' website as they appeared on May 12, 2021; and (4) the Terms & Conditions for Defendants' website as they appeared on August 12, 2021. (Request for Judicial Notice ("RJN") (Docket No. 21-2)).

Generally, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). An exception to this general rule exists for (1) materials that are attached to or necessarily relied upon in the complaint, and (2) matters of public record. *Id.* at 688–89. "[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Khoja v. Orexigan Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Here, the FAC does not include, mention, or rely on any of the documents included in the RJN. (*See generally* FAC). Instead, it appears that Defendants seek judicial notice of the documents in support of their various defenses. For example, Defendants rely on the screenshot of the "most expensive" items sold on their website to argue that Plaintiffs cannot plausibly plead $5 million in damages, as required under CAFA. (Motion at 9). Defendants also rely on the Terms & Conditions solely to support their statute of limitations defense. (*Id.* at 16–21).

Defendants argue that the FAC does rely on these documents because their website is "central" to Plaintiffs' claim. (Motion at 16). This is a strained interpretation of the case law. Just because Plaintiffs challenge the marketing and sales tactics used on Defendants' website does not mean the FAC incorporates or necessarily relies on every representation made or document included on the website. *See SEC v. NAC Foundation, LLC*, 512 F. Supp. 3d 988, 955 (N.D. Cal. Jan. 8, 2021) (concluding that claims challenging the offering of unregistered securities does not necessarily

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 23-10117-MWF (MRWx) | Date: March 26, 2024 |
| Title: | Kanisha Mitchell, et al. v. NY and Co Ecomm LLC, et al. |

depend on all documents associated with that offering). Indeed, as Plaintiffs correctly note, their claims could exist even without the existence of the Terms & Conditions. (*See* Opp. at 9–10). Accepting Defendants' argument would also require the Court to circumvent the Ninth Circuit's instruction in *Khoja*.

Accordingly, the RJN is **DENIED**.

**B.     CAFA Jurisdiction**

Defendants argue that the Court lacks subject-matter jurisdiction over this action because the FAC provides no facts in support of the allegation that the amount in controversy exceeds $5 million or that the proposed class exceeds 100 members as required under CAFA. (Motion at 8–9, 13–14). *See* 28 U.S.C. § 1332(d).

Generally, "[t]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). When the propriety of the amount in controversy is challenged, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* at 289; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) ("[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." (citation omitted)).

"[T]he legal certainty test makes it very difficult to secure a dismissal of a case on the ground that it does not appear to satisfy the jurisdictional amount requirement." *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015) (citation omitted). The Ninth Circuit has recognized that the following three situations meet the "legal certainty" standard:

> (1) when the terms of a contract limit the plaintiff's possible recovery;
> (2) when a specific rule of law or measure of damages limits the amount
> of damages recoverable; and (3) when independent facts show that the

---

**CIVIL MINUTES—GENERAL**                                                                                                  6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 23-10117-MWF (MRWx) | Date:  March 26, 2024 |
| Title:     Kanisha Mitchell, et al. v. NY and Co Ecomm LLC, et al. | |

amount of damages was claimed merely to obtain federal court jurisdiction.

*Id.* (citation omitted).

Here, Plaintiffs adequately alleged CAFA jurisdiction.  The FAC alleges that the proposed class – defined as California residents who purchased Defendants' products from September 4, 2020, onwards – contains at least 100 members and seeks to recover $5 million.  (FAC ¶¶ 19, 66).  *Young v. Mophie, Inc.*, No. SACV 19-827 JVS (DFMx), 2019 WL 5173770, at *4 (C.D. Cal. Oct. 9, 2019) (finding boilerplate allegations that the damages were $5 million and that the proposed class had at least 100 members sufficient).

Defendants argue that $5 million in monetary relief is speculative at best because it assumes that they "sold *daily* at least 27 articles of Defendants' *most* expensive item of apparel to California residents."  (Motion at 9 (emphasis in original)).  But in so arguing, Defendants do not contend or provide any evidence showing that it was impossible for Defendants to have made the requisite number of sales.  As such, there are no additional facts from which the Court can determine that the jurisdictional amount alleged is false or is being used "merely to obtain federal court jurisdiction."  *Naffe*, 789 F.3d at 1040.

Moreover, Plaintiffs argue that NY&Co's former CEO made representations that Defendants generated "$56 million in online sales during fiscal Q2" of 2017 alone.  (Opp. at 4).  Based on this representation, it is certainly possible that Defendants made enough sales over the course of three years that would permit Plaintiffs to recover $5 million in damages and attorneys' fees if they were to prevail.  Although Defendants contend that their performance cannot be linked to representations made prior to NY&Co's declaration of bankruptcy in 2020, this argument only underscores the factual nature of this inquiry.  (*See* Reply at 3).  Therefore, at this stage, the Court cannot dismiss this action under the "legal certainty" test.

Accordingly, the Motion is **DENIED** with respect to CAFA jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 23-10117-MWF (MRWx)                              Date:  March 26, 2024
Title:         Kanisha Mitchell, et al. v. NY and Co Ecomm LLC, et al.

### C. Article III Standing

Defendants argue that Plaintiffs seek to represent individuals who lack Article III standing, as the definition of the proposed class encompasses individuals who were not injured by Defendants' alleged conduct. (Motion at 10).

Courts employ a three-part test to determine if a plaintiff has Article III standing. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. *Id.* Second, there must be a causal connection between the injury and the conduct complained of. *Id.* Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.*

Plaintiffs have clearly demonstrated standing to bring their individual claims. Here, the FAC alleges that Plaintiffs "would not have purchased the items, or would not have paid as much as [they] did, had Defendants been truthful." (FAC ¶¶ 42, 50). The FAC also alleges that Plaintiffs were "persuaded to make [their] purchase because of the fake sale based on the inflated regular price." (*Id.*). Finally, it is likely that this injury will be redressed by a favorable decision through monetary damages.

Because Plaintiffs have demonstrated standing to bring their individual claims, the Court concludes that, at least at this stage of the proceedings, they also have standing to bring the class claims. *See Nunez v. Saks Inc.*, 771 F. App'x 401, 402 (9th Cir. 2019) (unpublished) (reversing dismissal of class claims because, so long as the plaintiff can demonstrate standing to pursue individual claims, courts should defer "consideration of whether he was an adequate class representative until the class certification stage of proceedings"). To the extent that Defendants believe the definition of the proposed class is too broad, those are issues to be determined on class certification. *See id.; see also Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015) ("[A]ny issues regarding the relationship between the class representative and the passive class members—such as dissimilarity in injuries suffered—are relevant only to class certification, not to standing." (citation omitted)). Defendants' cursory reference to *Alvarado* is inapt since Plaintiffs have plausibly alleged that other

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 23-10117-MWF (MRWx) | Date: March 26, 2024 |
| Title: Kanisha Mitchell, et al. v. NY and Co Ecomm LLC, et al. | |

customers were subject to Defendants' pricing scheme. *See Alvarado v. Wal- Mart Associates, Inc.*, No. CV 20-1926 DSF (JCx), 2020 WL 6526372, at *3 (C.D. Cal. Aug. 7, 2020) (dismissing class claims because it was implausible that the wage and hour violations experienced by the plaintiff for only six weeks during her thirteen-year tenure occurred "throughout the state for the last four years").

Accordingly, the Motion is **DENIED** with respect to Defendants' standing argument.

### D.     Statute of Limitations

Next, Defendants argue that Plaintiffs' claims are time barred by the one-year statute of limitations provided in their website's Terms & Conditions. (Motion at 16–21). While Defendants may raise this defense in future motions, this argument is mooted by the Court's denial of the RJN since the various versions of the Terms & Conditions are not properly subject to judicial notice at the motion to dismiss stage.

Accordingly, the Motion is **DENIED** with respect to the statute of limitations defense.

### E.     FAL, UCL, and CLRA Claims

Defendants also contend that Plaintiffs fail to state a claim under the FAL, UCL, and CLRA. According to Defendants, there are two possible interpretations of the FAC: (1) that Defendants breached an express warranty, which is covered by their Terms & Conditions; or (2) that Defendants represented opinions regarding the appropriate sale price, which is protected by the First Amendment. (Reply at 7). These arguments not only are unpersuasive but also suggest that Defendants fundamentally misunderstand the crux of Plaintiffs' allegations.

To state a claim under the UCL, FAL, or CLRA, Plaintiffs must allege facts showing that the advertisement in question is misleading to a reasonable consumer. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (stating that California's false advertising laws provide relief only when advertisements could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-10117-MWF (MRWx)          **Date:** March 26, 2024
**Title:**      Kanisha Mitchell, et al. v. NY and Co Ecomm LLC, et al.

deceive a reasonable consumer); *see also Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) ("It is true that violations of the UCL, FAL, and CLRA are evaluated from the vantage point of a 'reasonable consumer.'" (citations omitted)). False advertisement laws prohibit "not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Williams*, 552 F.3d at 939 (citing *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951, 119 Cal. Rptr. 2d 296 (2002)).

     Here, Plaintiffs reasonably allege that Defendants' pricing scheme was misleading to a reasonable consumer. The FAC alleges and provides examples of a higher reference price provided next to the lower, discounted price. (*See* FAC ¶¶ 25–35). "The placement of a price in strike-through font next to a lower price is reasonably believed to be a former price comparison." *Real v. Y.M.I. Jeanswear, Inc.*, No. EDCV 17-0870-JGB (DTBx), 2017 WL 11675686, at *4 (C.D. Cal. Sept. 1, 2018)

     The FAC also alleges that these price comparisons were false because, based on Plaintiffs' investigation, none of the items was ever sold at the higher reference price. (*Id.* ¶¶ 41, 49). Based on these allegations, the Court concludes that Plaintiffs have sufficiently alleged their claims under the FAL, UCL, and CLRA. *See Williams*, 552 F.3d at 939 ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires consideration and weighing of evidence from both sides and which usually cannot be made on [a motion to dismiss]." (internal quotation marks and citation omitted)); *see also Inga v. Bellacor.com, Inc.*, No. CV 19-10406-MWF (MRWx), 2020 WL 5769080, at *3 (C.D. Cal. July 17, 2020) (concluding that similar allegations of deceptive pricing practices to be sufficient to allege claims under the UCL, FAL, and CLRA).

     Contrary to Defendants' suggestion, these price comparisons do not constitute non-actionable puffery. Puffery includes statements of fact that are "[in]capable of being proved false," are not "specific and measurable," or cannot be "reasonably interpreted as a statement of objective fact." *Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999). The falsity of a price comparison, by contrast, can be verified by determining whether Defendants ever sold their products at the

**CIVIL MINUTES—GENERAL**          **10**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-10117-MWF (MRWx)          **Date:** March 26, 2024
**Title:**       Kanisha Mitchell, et al. v. NY and Co Ecomm LLC, et al.

higher reference price. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246 (9th Cir. 1990) (finding that statements are non-actionable puffery where they constituted "general assertions of superiority" rather than "factual misrepresentations").

    Defendants' argument that these allegations infringe on their First Amendment rights are equally unavailing. "False or misleading commercial speech is not protected." *Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180, 1184 (9th Cir. 2001). In other words, if it is determined that Defendants' price comparisons are false – as Plaintiffs sufficiently allege – such representations would not be protected under the First Amendment. *See Central Hudson Gas v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 565 (1980) ("The First Amendment's concern for commercial speech is based on the informational function of advertising. . . . Consequently, there can be no constitutional objection to the suppression of commercial messages that do not accurately inform the public about lawful activity.).

    Defendants' contention that "regulation of commercial *fraudulent* speech must provide "[]effective or [non]remote support for the government's purpose" is flatly wrong and misstates the law. (Reply at 12 (emphasis in original)). The Supreme Court's decision in *Edenfield v. Fane*, on which Defendants rely for this erroneous proposition, found that the defendant's personal solicitation at issue was clearly "commercial expression to which the protections of the First Amendment apply." 507 U.S. 761, 765 (1993) ("In soliciting potential clients, [the defendant] seeks to communicate no more than truthful, non-deceptive information proposing a lawful commercial transaction."). Here, by contrast, the entire theory of the case rests on allegations that Defendants' representations were false and misleading.

    Accordingly, the Motion is **DENIED** with respect to Plaintiffs' claims under the FAL, UCL, and CLRA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-10117-MWF (MRWx)		Date:  March 26, 2024
Title:	Kanisha Mitchell, et al. v. NY and Co Ecomm LLC, et al.

### F. Equitable Claims

Finally, Defendants assert that Plaintiffs' equitable claims fail because (1) Plaintiffs seek legal remedies; and (2) the FAC fails to allege an inadequate remedy at law.  (Motion at 25–26).

While Plaintiffs may not recover under both claims, there is nothing barring them from pleading alternative or even inconsistent claims.  *See* Fed. R. Civ. P. 8(d)(2)–(3); *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (reversing district court's order dismissing quasi-contract claim because "[t]o the extent the district court concluded that the cause of action was nonsensical because it was duplicative or superfluous . . . this is not grounds for dismissal" as a "party may set out 2 or more statements of a claim or defense alternatively" (citation omitted)); *1 Energy Sols., Inc. v. Nicholas Holiday, Inc.*, No. CV-13-5000-MWF (Ex), 2013 WL 12133654, at *3 (C.D. Cal. Nov. 5, 2013) (allowing a plaintiff to plead both legal and equitable contract claims in the alternative at the motion to dismiss stage).

Additionally, the FAC alleges that "there is no plain, adequate, and complete remedy that exists at law," and seeks equitable relief "[i]n the alternative to those claims seeking remedies at law."  (FAC ¶¶ 102, 114).  The Court concludes that these allegations are sufficient to demonstrate the inadequacy of legal remedies.  *See Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021) (collecting cases for the proposition that the Ninth Circuit requires plaintiffs to, "at a minimum, plead that [they] lack adequate remedies at law" to sufficiently allege a claim for equitable relief).

Accordingly, the Motion is **DENIED** with respect to Plaintiffs' equitable claims.

### IV. CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.  Defendants shall answer the FAC by **April 22, 2024**.

IT IS SO ORDERED.