**LESCHES LAW**
Levi Lesches (SBN 305173)
5757 Wilshire Blvd., Ste. 535
Los Angeles, CA 90036
Telephone: (323) 900-0580
Email: *levi@lescheslaw.com*

Attorneys for Defendants
NY & CO ECOMM LLC; NY & CO IP LLC;
and SAADIA GROUP LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANISHA MITCHELL and KIM MOSELEY, individually, and on behalf of all similarly situated persons,<br><br>            Plaintiffs,<br>    v.<br><br>NY AND CO ECOMM LLC, a Delaware limited liability company; NY AND CO IP LLC, a Delaware limited liability company; and SAADIA GROUP LLC, a New York limited liability company,<br><br>            Defendants. | Case No. 2:23-cv-10117<br>Dist. Judge Hon. Michael W. Fitzgerald<br><br>**NOTICE OF MOTION BY DEFENDANTS NY & CO ECOMM LLC; NY & CO IP LLC; SAADIA GROUP LLC, TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER RULE 12(b)(1) AND RULE 12(b)(6)**<br><br>Date:  June 10, 2024<br>Time:  10:00 a.m.<br>Courtroom: 5A<br><br>Date Action Filed: December 1, 2023<br>Trial Date:            None |

**TO THE COURT, THE PARTIES HEREIN, AND THEIR ATTORNEYS OF RECORD:  PLEASE TAKE NOTICE** TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on June 10, 2024 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 5A of the above-entitled Court, located at the First Street Courthouse,

350 West First Street, Courtroom 5A, Los Angeles, California 90012, Levi Lesches and Lesches Law will and hereby do move to be relieved a counsel to all Defendants herein, pursuant to L.R. 83-2.3.2.

This motion is brought on the following grounds: Counsel's withdrawal has been communicated in writing to Defendants, but Defendants have not provided information about whether they have or intend to retain new counsel; and Defendants are unable to pay Counsel's fees in this matter.

This motion is made in compliance with L.R. 83-2.3.2 and R. Prof. Conduct 1.16 (previously, Rule 3-700). This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on or about April 19, 2024.

Dated: May 17, 2024                **LESCHES LAW**

                                                        /s/ Levi Lesches
Levi Lesches

Attorneys for Defendants NY AND CO ECOMM LLC, a Delaware limited liability company; NY AND CO IP LLC, a Delaware limited liability company; and SAADIA GROUP LLC, a New York limited liability company

— **MEMORANDUM OF POINTS AND AUTHORITIES** —

## I.   INTRODUCTION

Counsel respectfully moves to withdraw due to Defendants' financial incapacity.  Counsel should be authorized to withdraw, as Defendants have advised Counsel that they do not intend to compensate Counsel for the continued defense of this action.  It is judicially noticeable that the Defendants are subject to an injunction precluding Defendant NY & Co Ecomm LLC from paying for the defense of this action.  Similarly, the other Defendants do not intend to compensate Counsel for the continued defense of this action.  Defendants have also been informed in writing regarding Counsel's intended withdrawal.

The Local Rules for the Central District of California provide that an attorney may not withdraw as counsel from a pending case except upon leave of the relevant court, which application must be supported by good cause.  *See* L.R. 83-2.3.2.  A motion to withdraw as counsel may be made only upon "written notice given reasonably in advance to the client and to all other parties who have appeared in the action." *Id*.  District courts have broad discretion in determining what constitutes good cause to withdraw as counsel. *See Thompson v. Special Enforcement, Inc.*, 2008 WL 4811404, at *2 (C.D. Cal. Oct. 27, 2008).  Absent undue prejudice to the client's interests or the case's proceedings, "[t]he decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Id*.  In ruling on a motion to withdraw as counsel, courts generally consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Tu Thien The, Inc. v. Tu Thien Telecom, Inc.*, 2014 WL 12580249 at *5 (C.D. Cal. July 11, 2014); *see also Pashko v. Viking River Cruises, LLC*, 2008 WL 11340333, at *1 (C.D. Cal. Dec. 18, 2008).  "Federal courts also often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further

representation." *Stewart v. Boeing Co.,* 2013 WL 3168269 at *1 (C.D. Cal. June 19, 2013) (*citing Denney v. City of Berkeley*, 2004 WL 2648293 at *2-*3 (N.D. Cal. Nov. 18, 2004)).

Here, withdrawal is warranted because Defendants cannot pay for continued defense of this matter. *See Denney*, 2004 WL 2648293 at *2 ("The failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation"); *District Council 16 N. Cal. Health & Welfare Trust Fund v. Lambard Enters., Inc*., 2010 WL 3339446, at *1 (N.D. Cal. Aug. 24, 2010) ("Failure of a client to pay attorney's fees is grounds for an attorney to withdraw"); *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal 1992) ( "it is true that the failure of a client to pay attorney's fees will serve as grounds for an attorney to withdraw"). The California Rules of Professional Conduct explicitly permit counsel to withdrawal from representation of a client when the client "breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation . . . ." Cal. R. Prof. Conduct 1.16(b)(5) (previously R. Prof. Conduct 3-700(C)(1)(f)); *see also, Stewart*, 2013 WL 3168269, at *2. Here, the Clients do not intend to pay Counsel's fees for the continued defense of this matter.

Pursuant to Local Rule 83-2.3.4, Counsel has "given written notice Defendant of the consequence of its inability to appear pro se." L.R. 83-2.3.4. The Defendants have provided written acknowledgment regarding this withdrawal. Lesches Decl.

The withdrawal will not prejudice the other litigants or the administration of justice. Counsel took care to ensure that the withdrawal would be filed prior to the filing of an Answer. Counsel voluntarily communicated to Plaintiffs' Counsel information relating to insurance rights (*i.e.*, a particular denied tender that Defendants' Counsel did not view as particularly ironclad). Lesches Decl.

1  Accordingly, Defendants took adequate care to ensure that the Plaintiffs would not
2  be prejudiced.
3        Counsel also notes that, due to the way the FAC is alleged, prejudice may
4  only be considered with respect to the named Plaintiffs.  The FAC contains no
5  allegations quantifying the damages experienced by the unnamed class members.
6  Accordingly, it is judicially noticeable that the Plaintiffs cannot demonstrate that a
7  withdrawal will result in prejudice to the unnamed class members.
8        To be sure, the absence of a damages demand is not a categorical bar to
9  recovery.  *Anunciation v. W. Cap. Fin. Servs. Corp.*, 97 F.3d 1458 (9th Cir. 1996).
10 However, *Anunciation* and similar authority are cases involved affirmative
11 showings made in support of an application for entry of judgment.  *See id*. ("*After
12 the hearing on damages*, the district court awarded [damages]").  At the present
13 juncture, Plaintiffs merely have a pleading on file, and the FAC furnishes the <u>only</u>
14 basis for determining whether any hypothetical prejudice might exist.  Even
15 deeming every allegation as true and admitted, the FAC still fails to quantify the
16 amounts by which unnamed class members were allegedly damaged.  Accordingly,
17 the record does not support a finding of prejudice.  Stated differently, a finding of
18 prejudice as to unnamed class members would require assuming matters not in the
19 record (*i.e*., nothing in the record alleges that unnamed class members have suffered
20 damages in some discrete sum).
21       Furthermore, it appears that the Plaintiffs would need to engage in some form
22 of discovery as a prerequisite to seeking a judgment.  *See Bell v. CS Glob. SF LLC*,
23 2019 WL 13472130, at *1 (N.D. Cal. May 6, 2019).  It is judicially noticeable that
24 Defendants' sales data is now under the control of an unnamed party, White Oak
25 Financial.  Furthermore, Defendants are headquartered in New York and/or New
26 Jersey.  It would be unfair to compel Counsel to travel, uncompensated, with respect
27 to discovery that would need to be prosecuted in a different jurisdiction where
28

5

MOTION TO WITHDRAW AS COUNSEL

Counsel is not licensed to practice—particularly given the fact that such discovery relates to third-party rights (*i.e.*, White Oak Financial).

Last, withdrawal would not delay the resolution of the case. No scheduling order has issued, and the Court has not issued any order setting a scheduling conference. Granting withdrawal would not upset any case schedule or hearings.

## II. CONCLUSION

For the foregoing reasons, this Court should grant Counsel's motion to withdraw.

Dated: May 17, 2024                          **LESCHES LAW**

                                                              /s/ Levi Lesches
                                            Levi Lesches

Attorneys for Defendants NY AND CO ECOMM LLC, a Delaware limited liability company; NY AND CO IP LLC, a Delaware limited liability company; and SAADIA GROUP LLC, a New York limited liability company

### Local Rule 11-6.2 Certificate of Compliance

The undersigned, counsel of record for Defendants, certify that this brief contains 1,565 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 17, 2024                          **LESCHES LAW**

                                            /s/ Levi Lesches
                                            Levi Lesches

Attorneys for Defendants NY AND CO ECOMM LLC, a Delaware limited liability company; NY AND CO IP LLC, a Delaware

limited liability company; and SAADIA GROUP LLC, a New York limited liability company